IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DUANE RALPH,**　　　　　　　　　　　　**CASE NO. 2:07-cv-0199**

　　　　**Petitioner,**　　　　　　　　　　　**JUDGE MARBLEY**
　　　　　　　　　　　　　　　　　　　　　**MAGISTRATE JUDGE ABEL**
**v.**

**WARDEN, ROSS CORRECTIONAL INSTITUTION,**

　　　　**Respondent.**

## OPINION AND ORDER

On January 14, 2008, the Magistrate Judge issued a *Report and Recommendation* recommending that the instant petition for a writ of habeas corpus be dismissed as barred by the one-year statute of limitations under 28 U.S.C. §2254. Petitioner has filed objections to the Magistrate Judge's *Report and Recommendation*. For the reasons that follow, petitioner's objections are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED.**

As discussed in the Magistrate Judge's *Report and Recommendation*, petitioner's judgment of conviction became final on August 18, 2004. The statute of limitations expired one year later, on August 18, 2005. Petitioner waited more than 1 ½ years later, until March 6, 2007, to execute the instant habeas corpus petition. His March 28, 2006, motion for delayed appeal did not toll the running of the statute of limitations, because he filed the motion after the statute of limitations had already expired. *See Vroman v.. Brigano,* 346 F.3d 598, 601 (6th Cir.2003), citing *Rashid v. Khulmann*, 991 F.Supp. 254, 259 (S.D.N.Y.1998).

Petitioner nonetheless again contends that his habeas corpus petition is timely because his attorney told him he had no right to appeal, and because petitioner was incarcerated in Florida without access to Ohio legal materials. In support of these allegations, petitioner has attached letters from the Ohio Public Defender dated March 31, 2005, and July 9, 2005, advising him that he had waived any claim regarding denial of his right to a speedy trial when he pleaded guilty, and that the public defender therefore could not assist him in pursuing this claim. *See Exhibits to Objections.* Petitioner also contends that this case is analogous to *Phillips v. Mills*, 188 F.3d 508, unpublished, 1999 WL 685925 (6th Cir. August 25, 1999), which he has attached to his objections. Neither of the foregoing arguments are persuasive.

In *Phillips v. Mills, supra,* referred to by petitioner, the United States Court of Appeals for the Sixth Circuit held that the petitioner had established cause for the procedural default of his ineffective assistance of counsel claim where uncontroverted evidence demonstrated that, while incarcerated in Alabama, the petitioner had repeatedly requested access to Tennessee legal materials, and was told he had to wait until he was returned to Tennessee to attack his convictions in that State. *Id.*, at *2. The petitioner thereafter attempted to pursue relief within four months after being returned to Tennessee, but the time period for filing his claims had expired.

Unlike the scenario in *Phillips v. Mills, supra,* nothing in the record before this Court lends credit to petitioner's assertion that he was unable to obtain Ohio legal materials and "forced to wait until his return to Ohio... to pursue relief." *See Objections,* at 5. Likewise,

the record does not indicate that Florida or Ohio officials improperly advised petitioner that he could not attack his Ohio convictions until he was returned to Ohio.  As noted by the Magistrate Judge, petitioner signed an entry of guilty plea acknowledging that he was aware of the time limits to file an appeal.  In short, for the reasons detailed by the Magistrate Judge, this Court agrees that the record fails to reflect either that petitioner exercised diligence in pursuing his claims, or that equitable tolling of the statute of limitations is appropriate in this case.  *Jurado v. Burt*, 337 F.3d 638, 642-43 (2003).

Pursuant to 28 U.S.C. 636(b)(1), this Court has conducted a *de novo* review of the Magistrate Judge's Report and Recommendation.  For the foregoing reasons, and for the reasons detailed in the Magistrate Judge's *Report and Recommendation*, petitioner's objections are **OVERRULED**.  The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**.  This action is hereby **DISMISSED.**

**IT IS SO ORDERED**.

    s/Algenon L. Marbley
ALGENON L. MARBLEY
United States District Judge